**FOURTH DIVISION
MCFADDEN, P. J.,
WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 8, 2026**

# In the Court of Appeals of Georgia

A26A0656. GEICO INDEMNITY COMPANY v. ABDEL-RAHMAN.

MCFADDEN, Presiding Judge.

This appeal is one in a series of recent cases addressing the same question. A person involved in a motor vehicle collision offers to settle his personal injury claim; includes in the settlement offer both the statutory material terms set forth in OCGA § 9-11-67.1 (2021) and other terms that do not conform with that Code section; and includes in the offer a statement that the offer is not controlled by OCGA § 9-11-67.1 (2021). The defendant accepts the statutory material terms but rejects the statement that OCGA § 9-11-67.1 (2021) does not control. Has an enforceable settlement agreement nevertheless been formed as to the statutory material terms?

In *Gomez v. USAA Cas. Ins. Co.*, ___ Ga. App. ___ (2026), A25A2187 (Ga. App. Feb. 13, 2026) (2026 Ga. App. LEXIS 88), and *Squires v. Vincent*, ___ Ga. App. ___ (2026), A25A2137 (Ga. App. March 16, 2026) (2026 Ga. App. LEXIS 180), we held that, under such circumstances, the parties had formed an enforceable settlement agreement governed by OCGA § 9-11-67.1 (2021). Those decisions control the outcome of this appeal. Applying their reasoning, we hold that insurer GEICO Indemnity Co., the appellant in this case, was entitled to judgment on the pleadings on its claim for breach of an enforceable settlement agreement.

So we reverse the trial court's order, which instead granted judgment on the pleadings to appellee Adam Abdel-Rahman on GEICO's breach of contract and associated attorney fee claims. We do not reach GEICO's other enumerated error, which concerns the trial court's rulings on GEICO's claims for declaratory relief, because those claims are moot.[1]

---

[1] Oral argument was held in this case on February 24, 2026, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A26A0656 (Feb. 24, 2026), available at https://vimeo.com/1168885944?fl=tl&fe=ec.

We thank the National Association of Mutual Insurance Companies and American Property Casualty Insurance Association for their amicus brief.

2

1. *Facts and procedural history*

Abdel-Rahman asserts that in 2022 he was seriously injured in a motor vehicle collision caused by GEICO's insured, Patricia Faircloth. On May 1, 2023, his counsel sent GEICO a letter offering to settle his claim for policy limits (the "offer letter"). The offer letter included the statutory material terms required by the version of OCGA § 9-11-67.1 in effect at the time:[2] the time period for acceptance, OCGA § 9-11-67.1(a)(1)(A); the amount of monetary payment, OCGA § 9-11-67.1(a)(1)(B); the party to be released, OCGA § 9-11-67.1(a)(1)(C); the nature of the release and an itemization of what the claimant will provide to the releasee, OCGA § 9-11-67.1(a)(1)(D); and the claims to be released, OCGA § 9-11-67.1(a)(1)(E). The offer letter also included numerous other terms, such as a requirement that GEICO include in its written acceptance of the offer the following statement: "GEICO agrees that any inconsistencies between Adam Abdel-Rahman's Offer and OCGA § 9-11-67.1 do not invalidate Adam Abdel-Rahman's Offer and that the terms, conditions, and acts required by Adam Abdel-Rahman's Offer are controlled by Adam Abdel-Rahman's Offer and not by OCGA § 9-11-67.1."

---

[2] OCGA § 9-11-67.1 was amended in 2024.

On June 2, 2023, GEICO sent Abdel-Rahman's counsel a letter purporting to accept the offer ("the acceptance letter"). The acceptance letter stated:

> Geico Indemnity Company (GEICO) accepts your offer to settle dated May 1, 2023 ("Offer") and agrees to all material terms set forth in your Offer. GEICO cannot, however, agree "that any inconsistencies between Adam Abdel-Rahman's Offer and OCGA § 9-11-67.1 do not invalidate Adam Abdel-Rahman's offer and that the terms, conditions, and acts required by Adam Abdel-Rahman's Offer are controlled by Adam Abdel-Rahman's Offer and not by OCGA § 9-11-67.1." Instead, the Offer is governed by the applicable law, OCGA § 9-11-67.1 (West 2021).

On June 8, 2023, GEICO tendered a proposed release comporting with the terms of the offer letter, along with a cashier's check in the amount of $25,000.00 (the policy limits) payable to Abdel-Rahman and his counsel. Abdel-Rahman's counsel returned the check to GEICO, asserting that GEICO had failed to accept his settlement offer and stating that, to the extent the acceptance letter could be construed as a counteroffer, Adbel-Rahman rejected it.

GEICO then filed the instant action against Abdel-Rahmad, asserting four counts. In Count 1, GEICO sought a declaration that it had an enforceable settlement agreement with Abdel-Rahman. Alternatively, in Count 2 it sought a declaration that

4

Abdel-Rahman's settlement offer was not valid because it did not comply with the requirements of OCGA § 9-11-67.1 (2021). In Count 3, GEICO alleged breach of the settlement agreement that GEICO asserts was formed by virtue of the acceptance letter and sought specific performance of that agreement. Finally, in Count 4 it sought attorney fees under OCGA § 13-6-11.

Abdel-Rahman moved to dismiss Counts 1 and 2 (the claims for declaratory relief) on the grounds that the parties' rights had accrued and GEICO failed to state a proper claim for declaratory relief. In the same motion, Abdel-Rahman sought judgment on the pleadings on Counts 3 and 4 (the claims for breach of contract and attorney fees) on the ground that no settlement agreement had been formed between the parties. In a cross-motion for judgment on the pleadings, GEICO argued that it was

> entitled to one of three judgments as a matter of law: (1) there is an enforceable settlement between GEICO and Plaintiff Adam Abdel-Rahman ("Abdel-Rahman") under OCGA § 9-11-67.1 (2021) for which the Court should order specific performance, (2) Abdel-Rahman's May 1, 2023 demand (the "Demand") is invalid under OCGA § 9-11-67.1 (2021), or (3) the Demand is void *ab initio* by its own terms.

The trial court granted Abdel-Rahman's motion to dismiss the claims for declaratory relief (Counts 1 and 2) and for judgment on the pleadings on the claims for breach of contract and attorney fees (Counts 3 and 4). The trial court held that Counts 1, 3, and 4 failed because the parties never formed a contract. In reaching this holding, the trial court reasoned that OCGA § 9-11-67.1 (2021) did not apply to Abdel-Rahman's settlement offer at all; and that an earlier decision of this court, *Redfearn v. Moore*, 371 Ga. App. 655 (902 SE2d 233) (2024), foreclosed GEICO's argument that a settlement agreement was formed when GEICO accepted the statutory mandatory terms of OCGA § 9-11-67.1(a)(1) (2021). As to Count 2, the alternative claim for a declaration that Abdel-Rahman's offer was invalid, the trial court held that it sought an improper advisory opinion.

2. *Breach of contract claim*

GEICO argues that the trial court erred in denying its motion for judgment on the pleadings with regard to its breach of contract claim. We agree.

Central to this claim is GEICO's argument that an enforceable settlement agreement exists between the parties. That is a question of law, which we review de

novo on appeal. *Lester v. Hampton*, 377 Ga. App. 353 (922 SE2d 595) (2025); *Square v. Woods*, 375 Ga. App. 319, 322 (915 SE2d 915) (2025).

In support of its position that an enforceable settlement agreement exists, GEICO points to OCGA § 9-11-67.1 (2021), which "appl[ies] to causes of action for personal injury, bodily injury, and death arising from the use of a motor vehicle on or after July 1, 2021." OCGA § 9-11-67.1(h) (2021). Under OCGA § 9-11-67.1 (2021), offers to settle such claims made by or with the assistance of an attorney prior to the filing of an answer, including pre-suit offers, see *Gomez*, 2026 Ga. App. LEXIS 88 at *9(1), shall contain five specified "material terms." OCGA § 9-11-67.1(a)(1) (2021). The statute provides that "[u]nless otherwise agreed by both the offeror and the recipients in writing, the terms outlined in subsection (a) of this Code section shall be the only terms which can be included in an offer to settle made under this Code section[,]" OCGA § 9-11-67.1(b)(1) (2021); that "[t]he recipients of an offer to settle made under this Code section may accept the same by providing written acceptance of the material terms outlined in subsection (a) of this Code section in their entirety[,]" OCGA § 9-11-67.1(b)(2) (2021); and that "[n]othing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and

under terms otherwise agreeable to both the offeror and the recipient of the offer."
OCGA § 9-11-67.1(c) (2021).

> In *Gomez*, we construed OCGA § 9-11-67.1 (2021) to mean that

> a recipient can accept an offer under the statutory terms or it can agree to be bound to more terms. If the offeror and recipient both agree in writing to operate under additional terms, common-law principles [of contract formation] still apply. . . . But in the absence of such a mutual agreement, extraneous terms are irrelevant to the formation of a binding contract under OCGA § 9-11-67.1 (2021).

*Gomez*, 2026 Ga. App. LEXIS 88 at *13(2) (citations and emphasis omitted). Consequently, when an insurance company accepted the material statutory terms of the offer in writing, a binding settlement agreement was formed under OCGA § 9-11-67.1(b)(1) and (b)(2). *Gomez*, 2026 Ga. App. LEXIS 88 at *13(2). "[A]n agreement was reached as to [the mandatory statutory] terms and those terms alone." Id. at *14(2). Following the reasoning of *Gomez*, we reached a similar conclusion in *Squires*, 2026 Ga. App. LEXIS 180 at *5-8(3).

The same rationale applies here. Abdel-Rahman included the material statutory terms in his settlement offer. GEICO accepted those terms when it stated in the acceptance letter that it agreed to all "material terms" in the settlement offer.

Contrary to Abdel-Rahman's argument, the phrase "material terms" in GEICO's written response, considered in the overall context of the acceptance letter, refers to the statutory material terms set forth in OCGA § 9-11-67.1(a)(1) (2021). Cf. *Bonilla v. Ventura*, 378 Ga. App. 299, 300, 303(1) (925 SE2d 746) (2026) (holding that an insurer's statement that the "demand has been accepted as presented" meant that the insurer agreed to be bound by additional terms beyond the statutory material terms of OCGA § 9-11-67.1(a)(1) (2021)). The other, non-statutory terms of Abdel-Rahman's offer "are irrelevant to the formation of a binding contract under OCGA § 9-11-67.1 (2021)" because the parties did not mutually agree to operate under those additional terms. *Gomez*, 2026 Ga. App. 88 at *13(2).

In *Gomez* we also held that an earlier precedent relied on by Abdel-Rahman and the trial court, *Redfearn v. Moore*, supra, 371 Ga. App. 655, had "no precedential utility" beyond "the circumstances that existed in that case — i.e., when parties mutually agree in writing to terms falling outside of OCGA § 9-11-67.1 (2021)." *Gomez*, 2026 Ga. App. LEXIS 88 at *13. As in *Gomez*, the parties in this case did not mutually agree in writing to terms falling outside of OCGA § 9-11-67.1 (2021). For that reason, we are not persuaded by Abdel-Rahman's arguments based on *Redfearn*.

In supplemental appellate briefing, Abdel-Rahman argues that we should overrule *Gomez* and other authorities cited in *Gomez*. We decline to do so, noting that the *Gomez* decision is presently before our Supreme Court on petition for writ of certiorari.

Alternatively, Abdel-Rahman argues that if we do not overrule *Gomez* we "must enforce the direct command in HB 714 (2021) to repeal all laws in conflict with OCGA § 9-11-67.1 as interpreted by *Gomez*." Specifically Abdel-Rahman contends that we must repeal OCGA §§ 13-3-1 (requiring as an element of contract formation "assent of the parties to the terms of the contract"), 13-3-2 (providing that until each party "has assented to all the terms, there is no binding contract"), and 13-3-4 (authorizing conditions precedent to contract formation). We do not agree. OCGA § 9-11-67.1 abridges freedom of contract; it does not abolish it.

More fundamentally such action is beyond the scope of our role as a "court[ ] for the correction of errors of law made by the trial court[ ]." *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

Because a binding settlement agreement exists between the parties as to the material terms set forth in OCGA § 9-11-67.1(b)(1), Abdel-Rahman was required to

release claims against GEICO's insured, Faircloth, as specified in the offer letter upon GEICO's tender of the policy limits. It is undisputed that Abdel-Rahman did not do so. Consequently, GEICO is entitled to judgment on the pleadings on its claim that Abdel-Rahman breached the settlement agreement and that GEICO is entitled to specific performance of that agreement. So we reverse the trial court's order denying GEICO's motion for judgment on the pleadings on that claim.

Given this disposition, we also reverse the trial court's grant of judgment on the pleadings to Abdel-Rahman on the claims for breach of contract and attorney fees, because those rulings are inconsistent with our conclusion that, as a matter of law, an enforceable settlement agreement exists between the parties.

3. *Declaratory judgment claims*

GEICO also enumerates as error the trial court's dismissal of its two claims for declaratory judgment, one seeking a determination that there was an enforceable settlement agreement and the other, alternatively, seeking a determination that Abdel-Rahman's settlement offer was invalid. We do not consider those rulings because, "given our holding above that there was an enforceable settlement agreement between the parties under OCGA § 9-11-67.1[(2021)] and given that [GEICO] is entitled to

[judgment on the pleadings] on its breach of contract claim, those declaratory judgment claims are now moot." *Squires*, 2026 Ga. App. LEXIS 180 at *8(4). See *Barrow v. Raffensperger*, 308 Ga. 660, 667(2)(b) (842 SE2d 884) (2020) (declining to consider issues if their resolution would not "have any practical effect on the underlying controversy" (citation and punctuation omitted)).

*Judgment reversed. Watkins and Padgett, JJ., concur.*